```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

WHITE WAVE INTERNATIONAL LABS,
INC., a Florida corporation

       Plaintiff,

v.                                  Case No. 8:09-cv-1260-T-33MAP

LINDSAY LOHAN; LORIT, LLC;
LORIT SIMON; CROSSHEART
PRODUCTIONS, INC.; and SHAWN
LAMPMAN,

       Defendants.
_____/

**ORDER**

This matter is before the Court on a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, filed by Defendants Lorit Simon, Shawn Lampman and Crossheart Productions (Doc. # 31). Plaintiff filed a Memorandum of Law in Opposition thereto (Doc. # 40). For the following reasons, Defendants' Motion to Dismiss is granted.

    **I.**    **Background**

White Wave International, Inc. ("Plaintiff") is a Florida corporation with its principal place of business in Pinellas County, Florida. (Doc. # 1 at 2). Defendant, Lorit, LLC ("Lorit"), is a Nevada limited liability company with its principal place of business in the State of Nevada. Id. Lorit is owned and managed by Defendants Lorit Simon ("Simon") and

1

Shawn Lampman ("Lampman"), who are residents and citizens of the State of Nevada. Id. Additionally, Defendant Crossheart Productions, Inc. ("Crossheart") is a California corporation with its principal place of business in the State of California. Id. Crossheart is also a member of Lorit. Id. Defendant, Lindsay Lohan ("Lohan"), a resident and citizen of the State of California, owns a substantial part of Crossheart. Id.

Plaintiff and Lorit entered into a Confidentiality Agreement Between Firms ("CABF"), effective January 28, 2009. Id. at 3. Essentially, the purpose of the CABF was to afford Lorit the opportunity to examine and obtain samples of the product Plaintiff planned to sell to Lorit if Lorit found the product satisfactory. Id. Soon after receiving the sample product, Lorit made an offer to purchase the formula. Id. However, the parties were unable to agree on a purchase price and consequently ceased their business relationship. Id. at 3-4.

Soon after the termination of Plaintiff and Lorit's business relationship, Lorit, Simon, and Lohan introduced a self-tanning mist, called Sevin Nyne. Allegedly, Sevin Nyne contains the same or nearly identical ingredients as the formula highlighted in the CABF, which Lorit had offered to purchase from Plaintiff. Id. at 4. On April 30, 2009, Sephora.com launched the sale of Sevin Nyne by Lindsay Lohan on its website. Id.

On July 2, 2009, Plaintiff filed its Complaint. (Doc. # 1). The Complaint includes five counts. First, the Complaint includes a count for breach of contract against Lorit. Id. at 5. Plaintiff alleges that Lorit breached the CABF "by making derivative use of confidential information, samples, and trade secrets obtained from Plaintiff" and used this information "to formulate and market Sevin Nyne Tanning Mist." Id.

Second, the Complaint includes a count for theft of trade secrets under the Uniform Trade Secrets Act. Id. Plaintiff alleges "Defendants misappropriated Plaintiff's trade secrets with knowledge that the trade secret was owned by Plaintiff and was acquired under circumstances giving rise to a duty to maintain its secrecy." Id.

Third, the Complaint includes a count of civil conspiracy. Id. at 6. Plaintiff alleges that Defendants conspired to "misappropriate Plaintiff's trade secrets and market, as their own, Plaintiff's product and to produce and sell a product utilizing Plaintiff's protected trade secrets." Id.

Fourth, the Complaint includes a count for intentional interference with contractual relations. Id. at 7. Plaintiff alleges that "Defendants Lohan, Simon, Crossheart Productions Inc., and Lampman, intentionally and knowingly interfered with the CABF" causing Plaintiff damages. Id.

Finally, the Complaint includes a count for deceptive and unfair trade practices. Id. Plaintiff alleges that "[t]he acts of Defendants in misappropriating Plaintiff's formula and misrepresenting it as Defendants' formula, constituted deceptive and unfair trade practices as defined by" the Florida Deceptive and Unfair Trade Practices Act. Id.

In response to the Complaint, Defendants Simon, Lampman, and Crossheart filed the instant motion to dismiss for lack of personal jurisdiction and for failure to state a claim.[1]

**II. Analysis**

A federal court sitting in diversity has personal jurisdiction over a defendant when the exercise of jurisdiction is appropriate under the state long-arm statute and the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Both the long-arm statute and Due Process prongs must be satisfied.

Defendants, Simon, Lampman, and Crossheart, contend that this Court does not have personal jurisdiction over them because they do not have sufficient contacts with the State of Florida.

---

[1] Because this Court finds that it lacks personal jurisdiction over these Defendants, it need not consider the motion for failure to state a claim.

4

Specifically, Defendants, Lampman and Simon, argue that they only had *de minimis* contacts with the State of Florida. (Doc. # 31 at 3). Additionally, Lampman and Simon contend that they did not contact Plaintiff, but instead, Plaintiff solicited Lorit's business, which only led to limited communications via email and telephone. Id. Moreover, Lampman and Simon contend that if any tortious conduct occurred, it occurred in the State of Nevada, not within Florida. Id. Furthermore, Defendant Crossheart alleges that it is only a member of Lorit and nothing more. Id. at 5. Crossheart alleges that it had no contacts with Florida and was not even aware of the CABF. Id.

Plaintiff contends that Lampman and Simon's contact with the state was more than *de minimis*. (Doc. # 40 at 6). Plaintiff argues that Lampman and Simon's discussions with Plaintiff for a period of several months on an almost daily basis were sufficient to give this Court jurisdiction. Id. Plaintiff further contends that Lampman and Simon's tortious acts caused injury to Plaintiff within Florida. Id. at 5. Plaintiff argues that physical presence by Defendants is not necessary to give this Court personal jurisdiction. Id. at 5-6. Furthermore, Plaintiff argues that Crossheart is subject to this Court's jurisdiction because it is a member of Lorit, and Lorit agreed to submit

5

itself to the jurisdiction of Florida under paragraph 7 of the CABF.[2]  Id. at 10.

## A. Florida's Long-Arm Statute

The different acts found to satisfy Florida's long-arm statute are defined in subparagraphs (1)(a) through (h) of § 48.193 of the Florida Statutes.  Here, Plaintiff argues that jurisdiction under the Florida long-arm statute exists under subparagraphs (1)(b) and (1)(g).  (Doc. # 40 at 4). Specifically, subparagraph (1)(b) confers jurisdiction on a Florida court when "[a]ny person, whether or not a citizen or resident of this state, who personally or through an agent . . . [commits] a tortious act within this state."  Additionally, a person submits to the jurisdiction of the court under subparagraph (1)(g) by "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state."

Defendants contend that this Court cannot assert personal jurisdiction over Lampman and Simon on the basis that a tortious act was committed within this state.  (Doc. # 31 at 10). Defendants argue "that the tort of misappropriation of trade secrets is not a 'tortious act within the state' where the improper disclosure occurs outside of Florida."  Id.  Defendants

---

[2] Paragraph 7 of the CABF stated: "the parties hereby submit to the jurisdiction of the Florida courts, both state and federal." (Doc. # 1-1 at 2).

6

cite to Arch Aluminum & Glass Co., Inc. v. Haney, 964 So.2d 228 (Fla. 4th DCA 2007), in support of their proposition.[3]

In Arch Aluminum, plaintiff, a Florida corporation, employed the defendant as a national sales manager. Id. at 230. During the scope of his employment, defendant gained access to plaintiff's confidential information, which included client lists, sales projections, prior sales data, business plans, and financial statements. Id. Defendant had been informed, through the plaintiff's employee handbook, that such information was the property of plaintiff. Id. at 231. However, soon after beginning new employment with a Nevada competitor, defendant released some of plaintiff's confidential information to his new employer. Id. Plaintiff brought suit against the defendant and the new employer, asserting claims for, *inter alia*, misappropriation of trade secrets. Id. The court held that the distribution of the confidential information occurred in Nevada and Arizona, and therefore, the acts of the defendant did not result in a tortious act in Florida. Id. at 233. Consequently, the court concluded that the long-arm statute was not satisfied and, therefore, the court did not have personal jurisdiction. Id.

---

[3] Interpretation of Florida's long-arm statute is a question of Florida law. Consequently, "federal courts are bound to adhere to decisions of Florida's intermediate courts." United Techs., 556 F.3d at 1274.

7

Like <u>Arch Aluminum</u>, the alleged misappropriation of Plaintiff's confidential information did not take place in Florida. Here, if any disclosure of Plaintiff's formula took place, it was to the Texas company that manufactures the Sevin Nyne tanning spray. Therefore, any disclosure occurred from Nevada, Lorit's location, to Texas, Sevin Nyne's manufacturer's location, not within Florida.

Plaintiff is correct in arguing that a defendant does not have to be physically present in the state to commit a tort under § 48.193(1)(b). (Doc. # 40 at 7). Some Florida intermediate appellate courts have interpreted (1)(b) of the Florida long-arm statute narrowly and found that there is no jurisdiction over a person that commits a tortious act outside the state that results in injury in the state. On the other hand, other Florida district courts have found jurisdiction under a broader interpretation of section (1)(b). <u>See</u> <u>Posner v. Essex Ins. Co., Ltd.</u>, 178 F.3d 1209 (11th Cir. 1999). The Florida Supreme Court has not squarely reconciled the conflicting decisions from the district courts of appeal. <u>Id</u>. at 1216-17; <u>Internet Solutions Corp. v. Marshall</u>, 39 So.3d 1201, 1206 n.6 (Fla. 2010)("We do not decide the broader issue of whether injury alone satisfies the requirement of section 48.193(1)(b).").

The Eleventh Circuit has consistently applied the broader construction of section (1)(b). <u>Posner</u>, 178 F.3d at 1216.

8

Accordingly, physical presence of the defendant in Florida is not required in all instances; jurisdiction may be had over a non-resident defendant who commits a tort outside of the state that causes injury in the state. <u>Wendt v. Horowitz</u>, 822 So.2d 1252, 1260 (Fla. 2002).

However, the cases in which the Eleventh Circuit has applied section (1)(b) to foreign torts causing injury within Florida, the conduct was directed at Florida residents, corporations, or property, and the harm was felt exclusively or primarily in Florida. <u>Kernel Records Oy v. Mosley</u>, No. 09-21597-Civ, 2010 WL 2812565, *5 (S.D. Fla. July 5, 2010). Likewise, the facts of this case do not warrant such an application. Here, the alleged tortious act arose from Defendants' alleged misappropriation, which occurred outside of the state. The alleged tortious act was not directed at Florida residents, corporations or property.

Plaintiff also submits that a defendant can commit a tortious act within Florida "by making telephonic, electronic, or written communications into this State, provided that the tort alleged arises from such communications." <u>Arch Aluminum</u>, 964 So.2d at 232 (citing <u>Wendt</u>, 822 So.2d at 1253). The Court, having reviewed the allegations regarding the telephonic, electronic and/or written communications into this state, finds that the cause of action alleged, i.e., misappropriation of trade secrets, does not arise from said communications. Accordingly,

9

such tortious conduct occurring outside of the state and leading to the damages alleged is not sufficient to satisfy Florida's long-arm statute. Arch Aluminum, 964 So.2d 228.

Plaintiff argues an alternative basis for jurisdiction under § 48.193(1)(b) pursuant to its civil conspiracy claim. Specifically, Plaintiff contends that the long-arm statute supports personal jurisdiction over any alleged conspirator where any other co-conspirator commits an act in Florida in furtherance of the conspiracy, even if the defendant over whom personal jurisdiction is sought individually committed no act in, or had no relevant contact with, Florida. Plaintiff, however, has alleged nothing that clearly connects these Defendants to a conspiracy made or carried out in Florida. The Complaint does not allege viable facts from which the inference could reasonably be drawn that the Defendants were part of a conspiracy either engineered in Florida or pursuant to which a tortious act in furtherance was committed in Florida. See United Techs., 556 F.3d at 1281-83 (citing Arch Aluminum, 964 So.2d at 234-35 (finding no personal jurisdiction where neither the conspiracy nor the underlying tort occurred in Florida)); see also Scutieri v. Chambers, No. 09-13562, 2010 WL 2836613 (11th Cir. July 20, 2010). Therefore, Defendants are likewise not subject to conspiracy-imputed personal jurisdiction under § 48.193(1)(b) of the Florida long-arm statute.

10

Defendants further contend that this Court cannot assert personal jurisdiction over Lampman and Simon under the breach of contract provision of the Florida long-arm statute. (Doc. # 31 at 10). Defendants argue that Lampman and Simon are not parties to the CABF because Lorit independently executed the CABF. Id. Plaintiff argues that Defendants are liable because they are members of Lorit. (Doc. # 40 at 6). However, a member of a limited liability corporation ("LLC") is not personally liable for any liability of the LLC simply by being members of the LLC. Fla. Stat. § 608.4227(1). Therefore, Plaintiff's attempt at jurisdiction under § 48.193(1)(g) also fails. Consequently, this Court cannot exercise personal jurisdiction over Lampman and Simon under the Florida long-arm statute.

Defendants also argue that this Court does not have personal jurisdiction over Crossheart because Plaintiff's inclusion of Crossheart is solely based on the fact that Crossheart is a member of Lorit. (Doc. # 31 at 7). Plaintiff failed to include any fact that would indicate that Crossheart has any contact with Florida. Crossheart is organized under the laws of California, has its principal place of business in California, has no property in Florida, employs no one in Florida, and does not regularly transact business in Florida. Bonsignore Decl., ¶¶ 2-6 (Doc. # 31, Exh. A). Crossheart's only contact with Florida comes through its affiliation with Lorit. Nonetheless, as

11

discussed above, being a member of Lorit is not sufficient to confer personal jurisdiction over Crossheart. Therefore, like with Lampman and Simon, this Court does not have personal jurisdiction over Crossheart.

As stated above, Florida's long-arm statute has not been satisfied. Any alleged misappropriation did not occur within the State of Florida; therefore, § 48.183(1)(b) is not satisfied. Additionally, Lampman, Simon, and Crossheart are not liable for any breach of contract committed by Lorit on the basis of their membership in Lorit. Therefore, Plaintiff's allegations under § 48.193(1)(g) also fail.

### B. Due Process Clause

Because the Court finds that the exercise of jurisdiction is not appropriate under the state long-arm statute, analysis of the exercise of jurisdiction under the Due Process Clause is unnecessary.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants' Motion to Dismiss (Doc. # 31) for lack of personal jurisdiction is **GRANTED**. Defendants Lorit Simon, Shawn Lampman and Crossheart Productions, Inc. are hereby dismissed for lack of personal jurisdiction.

(2) Defendants' Motion to Dismiss for failure to state a claim (Doc. # 31) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of September, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

13