UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WHITE WAVE INTERNATIONAL LABS,
INC., a Florida corporation,

    Plaintiff,

v.                            Case No. 8:09-cv-1260-T-33MAP

LINDSAY LOHAN, et al,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, filed by Defendant Lindsay Lohan. (Doc. # 54). Plaintiff filed a Memorandum in Opposition thereto. (Doc. # 58). For the following reasons, Defendant's Motion to Dismiss is granted.

**I.  Background**

White Wave International, Inc. ("Plaintiff") is a Florida corporation with its principal place of business in Pinellas County, Florida. (Doc. # 1 at 2). Defendant, Lohan, is a resident and citizen of the State of California. Id.

Plaintiff entered into a Confidentiality Agreement Between Firms ("CABF") with Lorit, LLC, effective January

28, 2009.  Id. at 3.  Essentially, the purpose of the CABF was to afford Lorit the opportunity to examine and obtain samples of the product Plaintiff planned to sell to Lorit if Lorit found the product satisfactory.  Id.  Soon after receiving the sample product, Lorit made an offer to purchase the formula.  Id.  However, the parties were unable to agree on a purchase price and consequently ceased their business relationship.  Id. at 3-4.

Soon after the termination of Plaintiff and Lorit's business relationship, Lorit, Lorit's owner and manager Simon, and Lohan introduced a self-tanning mist, called Sevin Nyne.  Allegedly, Sevin Nyne contains the same or nearly identical ingredients as the formula highlighted in the CABF, which Lorit had offered to purchase from Plaintiff.  Id. at 4.  On April 30, 2009, Sephora.com launched the sale of Sevin Nyne by Lindsay Lohan on its website.  Id.

On July 2, 2009, Plaintiff filed its Complaint. (Doc. # 1).  The Complaint includes five counts.  First, the Complaint includes a count for breach of contract against Lorit.  Id. at 5.  Plaintiff alleges that Lorit breached the CABF "by making derivative use of confidential information, samples, and trade secrets obtained from

2

Plaintiff" and used this information "to formulate and market Sevin Nyne Tanning Mist." Id.

Second, the Complaint includes a count for theft of trade secrets under the Uniform Trade Secrets Act. Id. Plaintiff alleges "Defendants misappropriated Plaintiff's trade secrets with knowledge that the trade secret was owned by Plaintiff and was acquired under circumstances giving rise to a duty to maintain its secrecy." Id.

Third, the Complaint includes a count of civil conspiracy. Id. at 6. Plaintiff alleges that Defendants conspired to "misappropriate Plaintiff's trade secrets and market, as their own, Plaintiff's product and to produce and sell a product utilizing Plaintiff's protected trade secrets." Id.

Fourth, the Complaint includes a count for intentional interference with contractual relations. Id. at 7. Plaintiff alleges that "Defendants Lohan, Simon, Crossheart Productions Inc., and Lampman, intentionally and knowingly interfered with the CABF" causing Plaintiff damages. Id.

Finally, the Complaint includes a count for deceptive and unfair trade practices. Id. Plaintiff alleges that "[t]he acts of Defendants in misappropriating Plaintiff's formula and misrepresenting it as Defendants' formula,

3

constituted deceptive and unfair trade practices as defined by" the Florida Deceptive and Unfair Trade Practices Act. Id.

In response to the Complaint, Defendants Simon, Lampman, and Crossheart filed a Motion to Dismiss (Doc. # 31) on September 23, 2009. On September 29, 2010, this Court granted Simon, Lampman, and Crossheart's Motion to Dismiss based on a lack of personal jurisdiction. (Doc. # 56). On September 27, 2010, Defendant Lohan filed a Motion to Dismiss (Doc. # 54) for lack of personal jurisdiction and for failure to state a claim.[1]

**II. Analysis**

A federal court sitting in diversity has personal jurisdiction over a defendant when the exercise of jurisdiction is appropriate under the state long-arm statute and the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Both the long-arm statute and Due Process prongs must be satisfied.

---

[1] Because this Court finds that it lacks personal jurisdiction over Defendant Lohan, it need not consider the motion for failure to state a claim.

Lohan contends that this Court does not have personal jurisdiction over her because she does not have sufficient contacts with the State of Florida. Specifically, she argues that she has had no interactions with anyone in Florida regarding Lorit or its business. (Doc. # 54). Lohan has never worked in Florida, employs no one in Florida, and does not regularly conduct business in Florida. Id. at 7. Additionally, Lohan alleges that she had no knowledge of the interactions between Lorit and White Wave. Id. at 4.

Plaintiff contends that Lohan directs communications to Florida citizens through the internet. (Doc. # 58 at 2). Plaintiff argues that Lohan's use of the internet causes Florida citizens to purchase Sevin Nyne rather than the Plaintiff's product. Id. Plaintiff argues that physical presence by Defendant is not necessary to give this Court jurisdiction. Her "telephonic, electronic, or written communications into Florida" are enough. Id. at 5.

**A.   Florida's Long-Arm Statute**

The different acts found to satisfy Florida's long-arm statute are defined in subparagraphs (1)(a) through (h) of § 48.193 of the Florida Statutes. Here, Plaintiff argues that jurisdiction under the Florida long-arm statute exists

5

under subparagraphs (1)(b) and (1)(g). (Doc. # 58 at 1). Specifically, subparagraph (1)(b) confers jurisdiction on a Florida court when "any person, whether or not a citizen or resident of that state, who personally or through an agent ... commits a tortious act within this state." Furthermore, a person submits to the jurisdiction of the court under subparagraph 1(g) by "breaching a contract in this state by failing to perform acts required by the contract to be performed in this state."

Lohan contends that this Court cannot assert personal jurisdiction over her on the basis that a tortious act was committed within this state. Lohan argues that in trade secret cases such as this one, Florida courts construe this provision of the long-arm statute to require that the misappropriation occur within Florida. (Doc. # 54).

Plaintiff is correct in arguing that a defendant does not have to be physically present in the state to commit a tort under § 48.193(1)(b). (Doc. # 58 at 5). Some Florida intermediate appellate courts have interpreted (1)(b) of the Florida long-arm statute narrowly and found that there is no jurisdiction over a person that commits a tortious act outside the state that results in injury in the state. On the other hand, other Florida district courts have found

6

jurisdiction under a broader interpretation of section (1)(b). See Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209 (11th Cir. 1999). The Florida Supreme Court has not squarely reconciled the conflicting decisions from the district courts of appeal. Id. at 1216017; Internet Solutions Corp. v. Marshall, 39 So.3d 1201, 1206 n.6 (Fla. 2010)("We do not decide the broader issue of whether injury alone satisfies the requirement section 48.193(1)(b).").

The Eleventh Circuit has consistently applied the broader construction of section (1)(b). Posner, 178 F.3d at 1216. Accordingly, physical presence of the defendant in Florida is not required in all instances; jurisdiction may be had over a non-resident defendant who commits a tort outside of the state that causes injury in the state. Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla. 2002).

However, the cases in which the Eleventh Circuit has applied section (1)(b) to foreign torts causing injury within Florida, the conduct was directed at Florida residents, corporations, or property, and the harm was felt exclusively or primarily in Florida. Kernel Records Oy v. Mosley, No. 09-21597-Civ, 2010 WL 2812565, *5 (S.D. Fla. July 5, 2010). Likewise, the facts of this case do not warrant such an application. Here, the alleged tortious

7

act arose from Defendant's alleged misappropriation, which occurred outside the state. The alleged tortious act was not directed at Florida residents, corporations or property.

Plaintiff also submits that a defendant can commit a tortious act within Florida "by making telephonic, electronic, or written communications" into this State, so long as the cause of action arose from those communications. Internet Solutions Corp. v. Marshall, 557 F.3d 1293, 1296 (11th Cir. 2009)(citing Wendt, 822 So.2d at 1253)). The Court, having reviewed the allegations regarding the telephonic, electronic and/or written communications into this state, finds that the cause of action alleged, i.e., misappropriation of trade secrets, does not arise from said communications. Accordingly, such tortious conduct occurring outside of the state and leading to the damage alleged is not sufficient to satisfy Florida's long-arm statute. Arch Aluminum & Glass Co., Inc. v. Haney, 964 So.2d 228 (Fla. 4th DCA 2007).

Plaintiff argues an alternative basis for jurisdiction under § 48.193(1)(b) pursuant to its civil conspiracy claim. Specifically, Plaintiff contends that the long-arm statute supports personal jurisdiction over any alleged

8

conspirator where any other co-conspirator commits an act in Florida in furtherance of the conspiracy, even if the defendant over whom personal jurisdiction is sought individually committed no act in, or had no relevant contact with, Florida.  The Complaint does not allege viable facts from which the inference could reasonably be drawn that the Defendants were part of a conspiracy either engineered in Florida or pursuant to which a tortious act in furtherance was committed in Florida.  See United Techs., 556 F.3d at 1281-83 (citing Arch Aluminium, 964 So.2d at 234-35 (finding no personal jurisdiction where neither the conspiracy nor the underlying tort occurred in Florida)).  Therefore, Lohan is likewise not subject to conspiracy-imputed personal jurisdiction under § 48.193(1)(b) of the Florida long-arm statute.

Lohan further contends that this Court cannot assert personal jurisdiction over her under the breach of contract provision of the Florida long-arm statute.  Lohan argues that she is not a party or a signatory to the CABF and thus has not consented to the Court's jurisdiction.  (Doc. # 54 at 4). Lohan alleges that she has an indirect ownership interest in Lorit and has acted as a spokesperson for Lorit.  Id. at 6.  Although Plaintiff does not specifically

9

address or oppose Lohan's argument regarding the breach of contract provision of the Florida long-arm statute, Plaintiff does point to the fact that Lohan is "a managing agent or perhaps a controlling person of Lorit, LLC." (Doc. # 58 at 2). However, a member of a limited liability corporation is not personally liable for any liability of the limited liability corporation simply by being a member. Fla. Stat. § 608.4227(1). Therefore, jurisdiction under § 48.193(1)(g) also fails. Consequently, this Court cannot exercise personal jurisdiction over Lohan under the Florida long-arm statute.

As stated above, Florida's long-arm statute has not been satisfied. Any alleged misappropriation did not occur within the State of Florida; therefore, § 48.193(1)(b) is not satisfied. Additionally, Lohan is not liable for any breach of contract committed by Lorit because she has an indirect ownership in Lorit. Therefore, any allegations under § 48.193(1)(g) also fail.

**B.   Due Process Clause**

Because the Court finds that the exercise of jurisdiction is not appropriate under the state long-arm statute, analysis of the exercise of jurisdiction under the Due Process Clause is unnecessary.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Dismiss (Doc. # 54) for lack of personal jurisdiction is **GRANTED**. Defendant Lohan is hereby dismissed for lack of personal jurisdiction.

(2) Defendant's Motion to Dismiss for failure to state a claim (Doc. # 54) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of July, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record