UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WHITE WAVE INT'L LABS
INC., a Florida corporation,

    Plaintiff,

v.                                    CASE No. 8:09-CV-1260-T-33TGW

LINDSAY LOHAN, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the Plaintiff's Motion for Imposition of Attorney's Fees as a Condition of Vacating the Entry of Default (Doc. 93) and defendant Lorit, LLC's opposition memorandum (Doc. 97). The motion was referred to me for a report and recommendation (Doc. 98). The plaintiff requests an award of attorney's fees totaling $5,312.50, which it incurred in connection with its Motion for Default Judgment and opposition to the defendant's Motion to Set Aside Default. I recommend that the motion be denied because the plaintiff has failed to state a cognizable basis for the requested relief.

The plaintiff raised the issue of an award of attorney's fees during a hearing regarding the defendant's Motion to Set Aside the Default, which was presided over by District Judge Virginia M. Hernandez Covington. The record reflects that the court has already ordered that the default against defendant Lorit LLC, be set aside without any conditions (see Docs. 89, 90). Thus, the defendant's Motion to Set Aside the Default was granted, and the plaintiff's Motion for Entry of Default was denied as moot, weeks before the filing of this motion (see id.). There was no mention of attorney's fees, or any conditions precedent to vacating the default. Furthermore, since that time, a Second Amended Case Management Order has been issued, and the case was referred for mediation (Docs. 91, 92). Therefore, it is far too late to impose a condition upon vacating the default.

Furthermore, the plaintiff has not stated a legal basis for the requested award of fees. Although the plaintiff states that it made an *ore tenus* motion for an award of attorney's fees during the hearing, the plaintiff does not represent that such motion was granted, nor does the record indicate that the court accepted the oral request as a motion (see Docs. 89, 90). Rather, from all that appears, the defendant correctly states that the plaintiff was

merely given permission to file a motion seeking an award of fees (Doc. 97, p. 2).

In this regard, the plaintiff has filed a cursory motion which fails to establish entitlement to the requested fees. As the defendant points out, the general rule is that, absent a provision of Congress, a litigant may not recover its attorney's fees. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 248 (1975). However, the plaintiff does not identify the legal basis for its request; thus, it does not specify the Federal Rule of Civil Procedure, statute, or other authority, under which it claims the court may impose the requested fees. Rather, the plaintiff only refers to a district court case from New York, that is factually distinguishable, for the proposition that a court may condition a denial of a default judgment upon the payment of the opposing party's attorney's fees. See United States Fid. & Guar. Co. v. Petroleo Brasileiro S.A., 220 F.R.D. 404, 407 (S.D. N.Y. 2004). This is patently inadequate. Furthermore, the plaintiff has not discussed the factual circumstances which justify this unusual request. In sum, the plaintiff has patently failed to substantiate, both legally and factually, the basis for its requested attorney's fee award of $5,312.50.

For these reasons, I recommend that the Plaintiff's Motion for Imposition of Attorney's Fees as a Condition of Vacating the Entry of Default (Doc. 93) be denied.

Respectfully submitted,

/s/ Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 19, 2012

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).